## ZIMMERN v. COMMISSIONER OF INTERNAL REVENUE.

Circuit Court of Appeals, Fifth Circuit.
October 25, 1928.

No. 5435.

Harry T. Smith, of Mobile, Ala., for petitioner.

Mabel Walker Willebrandt, Asst. Atty. Gen., and C. M. Charest, Gen. Counsel Bureau Int. Revenue, and L. W. Scott, Sp. Atty. Bureau Int. Revenue, both of Washington, D. C., and Andrew D. Sharpe, Sp. Asst. Atty. Gen. (Sewall Key, Sp. Asst. Atty. Gen., and Shelby S. Faulkner, Sp. Atty. Bureau Int. Revenue, of Washington, D. C., on the brief), for respondent.

Before WALKER and BRYAN, Circuit Judges, and DAWKINS, District Judge.

BRYAN, Circuit Judge. This is a petition for review of a decision of the United States Board of Tax Appeals, which refused to allow a deduction claimed by petitioner in his return of income taxes for the year 1920, on account of an expenditure of $20,697.55 in repairing damages caused by the sinking of a barge used in connection with petitioner's coal business. The barge sank in Mobile Harbor in 1918 during a storm, and was raised and repaired in 1920. Petitioner employed D. G. Hodges to do the repair work. That part of the Board's findings of fact which is material here reads as follows:

"The greater portion of the work done by Hodges, at a cost of $20,697.55 to petitioner, consisted of cleaning out mud which had been deposited in the hull while submerged; of chipping, scraping and painting the entire hull both inside and outside to eliminate rust; of straightening damaged plates and ribs; and the use of many new rivots throughout the hull. After the barge had been raised it would float and could have been used as a coal barge for a time, but the reconditioning was necessary to put the barge in the condition it was in at the time it sank. Such thorough reconditioning would not have been necessary if the barge had not been sunk." Zimmern v. Commissioner of Internal Revenue, 9 B. T. A. 1382.

Section 214 (a) (1) of the Revenue Act of 1918 (40 Stat. 1066) allows as a deduction in computing net income "all ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business," etc. Necessary repairs are deductible as an expense under the section just quoted. Grant v. Hartford & New Haven R. R. Co., 93 U. S. 225, 23 L. Ed. 878. The cost of repairs was stated in the findings of fact above quoted to be necessary in order to restore the barge to the condition it was in at the time it sank, and so it appears that the expense was not incurred for additions, improvements, or betterments. Under the section of the Revenue Act above cited, that expense was deductible from the net income for 1920, for it was in that year that it was incurred.

The decision of the Board of Tax Appeals is reversed, and the cause remanded for further proceedings not inconsistent with this opinion.